IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GLENN R. WAITE, Personal Representative of, and HARRIET I. WAITE, Deceased, | ) ) ) ) | 8:91CV177 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| RICHARD A. SAVAGE, M.D., | ) ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). (Filing No. 54.) Also pending is Defendant's Motion for Sanctions. (Filing No. 61.) Plaintiff has filed a Brief in Opposition to Defendant's Motion for Sanctions. (Filing Nos. 63 and 64.) The court will address each Motion in turn.

**I.     Motion for Relief Under Rule 60(b)(4)**

Plaintiff Glenn R. Waite ("Waite") filed his Rule 60(b)(4) Motion, along with a Brief and an Index of Evidence in support on November 17, 2010. (Filing Nos. 54, 55 and 56.) Liberally construed, Waite argues that the court should set aside the nearly 19-year-old judgment in this matter because it is void. (Filing No. 56 at CM/ECF pp. 1-6.)

Rule 60(b)(4) provides in relevant part that "the court may relieve a party . . . from a final judgment [if] . . . the judgment is void[.]" Fed.R.Civ.P. 60(b)(4). "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) (internal quotations and citation

omitted).

Here, Waite does not argue that the court lacked jurisdiction or acted in a manner inconsistent with due process. Instead, he argues that the judgment is void for two reasons. First, Waite argues that the judgment is void because he entered his appearance individually, rather than as the personal representative of Harriet I. Waite. (Filing No. 56 at CM/ECF pp. 4-6.) The court has carefully reviewed the record in this matter. Waite clearly filed this matter as the personal representative of Harriet I. Waite. (*See* Filing Nos. 1-4, 25 and 31.) Moreover, judgment was entered against Waite as personal representative of Harriet I. Waite, not against Waite individually. (Filing No. 42.) Plaintiff's first argument lacks merit.

Second, Waite argues that the judgment is void because he was not served with a copy of Defendant's Motion for Summary Judgment. (Filing No. 56 at CM/ECF p. 5.) The record reveals that this Motion was filed after Waite retained attorney Jim L. Brown to represent him in his capacity as personal representative of Harriet I. Waite. (Filing Nos. 25 and 37.) Because this Motion was served upon Waite's attorney, Defendant was not required to serve Waite individually. (Filing No. 37.) Waite's second argument also lacks merit. In short, Waite has failed to demonstrate that this court lacked jurisdiction or acted in a manner inconsistent with due process. Waite's Rule 60(b)(4) Motion is denied.

**II.  Motion for Sanctions**

Also pending is Defendant's Motion for Sanctions. (Filing No. 61.) On March 5, 2009, this court entered an order in a separate case that Waite brought against Defendant and others. (*See* Case No. 8:08CV239, Filing No. 68.) In that case Waite asked the court to declare the July 30, 1992, Memorandum and Order dismissing this case "null and void." (*See* Case No. 8:08CV239, Filing No. 32 at CM/ECF p. 13.) In addressing this request, the court stated:

> Waite fails to state a claim upon which relief may be granted against these Defendants relating to a Memorandum and Order entered in this court nearly 17 years ago. Instead, this appears to be yet another "impermissible attempt to attack collaterally the resolution" of Waite's previously-adjudicated claims. *See Waite*, 41 Fed. App'x at 23-24. To the extent Waite seeks relief from the July 30, 1992 Memorandum and Order, he may seek relief in that case. However, Waite should be mindful of the court's warnings regarding frivolous filings and potential sanctions.

Defendant relies on this language to argue that sanctions, pursuant to Federal Rule of Civil Procedure 11, should be imposed against Waite because the arguments in his Rule 60(b)(4) Motion are wholly immaterial and unsupported by the record. (Filing No. 62 at CM/ECF p. 20; Filing No. 61 at CM/ECF pp. 2-3.) In most cases, a party seeking to initiate a motion for Rule 11 sanctions should give "informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Advisory Committee's Notes on Fed.R.Civ.P. 11(b) and (c); *see also Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029 (8th Cir. 2003) (concluding that Rule 11 procedures "provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation"). Defendant did not provide Plaintiff with notice that his Rule 60(b) Motion was frivolous or give him an opportunity to withdraw the Motion. (*See* Docket Sheet; Filing Nos. 61 and 62.) Instead, Defendant asks the court to use its own initiative under Rule 11(c)(3) and order Plaintiff to show cause why his conduct in filing his Rule 60(b) Motion does not violate Rule 11(b). (Filing No. 61 at CM/ECF p. 2.)

In response, Plaintiff argues that he was only following the court's suggestion to "seek relief" in this matter and that sanctions would be an abuse of the court's discretion. (Filing No. 64 at CM/ECF pp. 5-6.) Although the court declines to

3

impose sanctions at this time, the court recognizes that this repetitive litigation must come to an end. *See, e.g.,* Roach v. Teamsters Local Union No. 688, 595 F.2d 446, 450 (8th Cir. 1979) (recognizing that preventing repetitive litigation and conserving judicial resources are important policy interests). The court hereby advises Plaintiff that any attempt to file future litigation similarly devoid of merit will result in sanctions, including an award of attorney fees.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Set Aside Judgment pursuant to Rule 60(b)(4) (filing no. 54) is denied.

2. Defendant's Motion for Sanctions (filing no. 61) is denied.

DATED this 22nd day of April, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.